FILED IN CHAMBERS
U.S.D.C. - Atlanta

SEP 2 6 2013

James N. Hatten, Clerk
By: *[signature]*
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DANIEL L. DIXON,

             Plaintiff,

v.

HOME DEPOT, U.S.A., INC.,
TECHTRONIC INDUSTRIES CO.
LTD., TECHTRONIC INDUSTRIES
NORTH AMERICA, INC., ONE WORLD
TECHNOLOGIES, INC., AND RYOBI
TECHNOLOGIES, INC.,

             Defendants.

CIVIL ACTION NO.
1:13-CV-0029-ODE

## ORDER

The case is currently before the Court on Defendants Home Depot U.S.A., Inc. ("Home Depot"), Techtronic Industries Co., Ltd. ("TTI"), Techtronic Industries North America, Inc. ("TTI-NA"), One World Technologies, Inc. ("One World"), and Ryobi Technologies, Inc.'s ("Ryobi") (collectively "Defendants") Motion to Transfer Action to the Western District of Louisiana pursuant to 28 U.S.C. § 1404(a) [Doc. 31]. For the reasons set forth below, Defendants' Motion to Transfer Action [Doc. 31] is GRANTED.

I.  Background

Plaintiff Daniel L. Dixon alleges that he was injured while using a Ryobi brand table saw ("Ryobi Saw") on or about January 7, 2011 [Complaint, Doc. 1 ¶¶ 9, 21]. The accident occurred in Delhi, Louisiana [Motion to Transfer, Doc. 31-2 at 2]. Plaintiff claims that "Defendants designed, manufactured, marketed, and sold the Ryobi Saw at issue," and "[i]n so doing, Defendants failed to utilize available safety technology in the Ryobi Saw" [Id. ¶ 10].

Home Depot was "the exclusive retailer of the Ryobi Saw" [<u>Id.</u> ¶ 20; <u>see also</u> Doc. 31 at 3].

On January 3, 2013, Plaintiff filed his Complaint in the Northern District of Georgia, stating that "[v]enue is proper in this Court because the causes of action asserted herein arose in Georgia and because Defendant Home Depot has its principal place of business in Atlanta, Georgia" [Doc. 1 ¶ 8].[1] Plaintiff asserts claims against all Defendants for strict product liability, negligence, breach of implied warranty of fitness, breach of warranty of merchantability, and attorneys' fees pursuant to O.C.G.A. § 13-6-11 [Doc. 1 ¶¶ 22-36]. Plaintiff seeks "all actual damages available under Georgia law including, without limitation: (a) damages for physical pain, mental anguish, physical disfigurement, and physical impairment; (b) damages for medical care and treatment; (c) damages for lost wages; and (d) damages for loss of Plaintiff's ability to engage in usual and normal activities" [<u>Id.</u> ¶ 37].

On July 15, 2013, Defendants filed the pending Motion to Transfer [Doc. 31]. Defendants argue that:

> every pertinent aspect of Plaintiff's allegations point to the Western District of Louisiana as the appropriate forum for this case: (1) the accident occurred in the Western District of Louisiana; (2) Plaintiff is a resident of the Western District of Louisiana, just as he was at the time of the accident; (3) the saw is currently located in the Western District of Louisiana; (4) Plaintiff's injuries were treated in the Western District of Louisiana by medical providers that are located there; and (5) the non-party witnesses are outside the subpoena power of this Court, but they would

---

[1]TTI is a Hong Kong corporation. TTI-NA, One World, and Ryobi are all incorporated in Delaware and have their principal place of business in South Carolina [Doc. 1 ¶¶ 3-6].

be well within the subpoena power of the Western District of Louisiana. [Doc. 31 at 6]. Defendants also explain that of the sixteen non-party witnesses Plaintiff identified in his discovery response as individuals he expected to call at trial, "[f]ourteen of those witnesses are located in the Western District of Louisiana, one is located in the Eastern District of Louisiana, one has an unknown residence and none are located in the State of Georgia or within the subpoena power of this Court" [Id. at 7]. Defendants further contend this case should be transferred because Louisiana substantive law will apply [Id. at 2, n.1].

On July 29, 2013, Plaintiff filed a response in opposition to the motion to transfer [Doc. 32]. Plaintiff argues that "[his] choice of forum is entitled to substantial deference" and "Defendants have failed to show that the balance of factors outweigh this factor" [Doc. 32 at 2]. Plaintiff contends that "the convenience of witnesses is essentially a wash," because "the majority of Louisiana witnesses identified by Defendants are health care providers who would be unlikely to testify live at trial" [Id. at 4-5]. Furthermore, "[i]n another table saw case against these same Defendants," Defendants identified five individuals "as likely to have discoverable information"--three of these individuals work for Home Depot and reside in Atlanta, Georgia, while the remaining two individuals work for One World Technologies and reside in South Carolina [Id.; Doc. 32 at 4]. On August 12, 2013, Defendants filed a reply [Doc. 33], reiterating many of the same arguments made in their Motion.

In both their Motion and reply, Defendants point out that the instant case is "virtually identical" to <u>Hamilton v. Techtronic Industries North America, Inc., et al.</u>, No. 1:12-CV-1848-ODE, a case that this Court transferred to the Eastern District of Tennessee in an Order dated February 14, 2013. Indeed, the similarities are immediately apparent, as this case involves the same defendants, the same theories of liability, and the same arguments for and against the motion to transfer. The Court therefore uses relevant language from the <u>Hamilton</u> Order, but examines anew whether transfer of this particular case would satisfy the statutory requirements of 28 U.S.C. § 1404(a).

II. <u>Legal Standard</u>

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The purpose of § 1404 is "to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." <u>Van Dusen v. Barrack</u>, 376 U.S. 612, 616 (1964) (internal quotation marks omitted).

Courts embark on a two-prong inquiry when considering whether to transfer venue. First, the alternative venue must be one in which the action originally could have been brought by the plaintiff. 28 U.S.C. § 1404. Second, courts are to balance private and public factors to determine if transfer is justified.

> Section 1404 factors include (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the

attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted).   The burden is on the movant to establish that the alternative forum is more convenient.   In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989).

III. Discussion[2]

It is clear that this action has numerous connections to the Western District of Louisiana, including the location of witnesses and documents relevant to Plaintiff's medical condition, the location of witnesses to the events that occurred on the day of the accident, and the location of the Ryobi Saw that allegedly caused Plaintiff's injury [Doc. 31 at 6].   However, damages are not the only issue in this case; before damages can be considered, it must be determined if Defendants are liable for Plaintiff's injuries.

In regard to liability, Plaintiff claims that the Ryobi Saw is defectively and dangerously designed because it lacks an

---

[2]As the parties do not dispute that Plaintiff could have brought this case in Louisiana, the location of the injury, the Court's discussion will focus on whether public and private factors weigh in favor of transferring this case.   Accord 28 U.S.C. § 1391(b) ("A civil action may be brought in . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."); LaPenna v. Cooper Tire & Rubber Co., No. 2:10-CV-1018-MEF, 2011 WL 2669469, at *3 (M.D. Ala. July 7, 2011); Hale v. Cub Cadet, LLC, No. 3:10-CV-697-MEF, 2010 WL 4628185, at *1, 4 (M.D. Ala. Nov. 8, 2010) (finding that because the decedent died while using the lawnmower in Georgia, Georgia was a proper venue under § 1391(a)(2)).

effective blade guard, lacks a riving knife, and lacks SawStop flesh detection technology [Doc. 1 ¶¶ 11-19]. There is no indication that individuals who have information relevant to the design of the Ryobi Saw or other relevant documents are located in Louisiana. There is also no indication, however, that such individuals or documents are located in Georgia.[3] Not surprisingly, then, Plaintiff has identified non-party witnesses whom he expects to call at trial that are outside the subpoena power of this Court. See FED. R. CIV. P. 45. Defendants' witnesses, on the other hand, are party witnesses and thus subject to the subpoena power of either court. Id. Moreover, as it pertains to party resources, it seems clear that the corporate Defendants are better equipped to litigate away from home. Hale, 2010 WL 4628185, at *4 (denying a transfer from Alabama (where the device at issue was purchased) to Ohio (where defendants resided) in part because: "[w]hile it is true that [d]efendants' records are likely in Ohio, [d]efendant[s] ha[ve] more resources and [are] better able to bear costs of litigating at a distance"). Thus,

---

[3]Plaintiff argues that, in another case involving the Ryobi Saw, Defendants identified five individuals likely to have discoverable information as residents of Georgia and South Carolina. The three individuals who reside in Georgia, however, are employees of Home Depot, and it is undisputed that Home Depot did not design or manufacture the subject saw [Doc. 1 ¶ 20]. The two potential witnesses who reside in South Carolina, on the other hand, are the Director of Product Safety for One World Technologies, and the Former Senior Director of Advanced Engineering for One World Technologies [Doc. 32 at 4]. It is likely that these individuals will have information relevant to the design or manufacture of the subject saw. Accordingly, while not *all* of the necessary evidence, documents, and witnesses are located in Louisiana, it is clear that very little, if any, of such information is located in Georgia.

the location of relevant documents, the relative ease of access to sources of proof, the relative resources of the parties, and the availability of a process to compel the attendance of unwilling witnesses all weigh in favor of transferring this case.[4]

Additionally, while the Defendants are not going to litigate in their home forum regardless of whether this case is transferred, it is telling that Home Depot, a citizen of the Northern District of Georgia, seeks to have the case transferred. Escobedo v. Wal-Mart Stores, Inc., No. 3:08-CV-105(CDL), 2008 WL 5263709, at *3 (M.D. Ga. Dec. 17, 2008) (finding the convenience of the parties favored transfer from the Middle District of Georgia to the Northern District of Georgia, in part because: "[t]he only two parties who reside in the Middle District seek to have the case transferred to the Northern District, and thus the Middle District must not be more convenient to them"). Where Plaintiff resides in the Western District of Louisiana, and Defendants seek transfer to the Western District of Louisiana, it is easy to conclude that the convenience of the parties weighs in favor of transfer.

---

[4]Because it is unclear whether any relevant *business decisions* were made in either Louisiana or Georgia, the locus of operative facts is a neutral factor in this case. Watson v. Cmty. Educ. Ctrs., Inc., No. 2:10-CV-00778-36SPC, 2011 WL 3516150, at *5 (M.D. Fla. Aug. 11, 2011) ("The locus of operative facts refers to the specific actions or omissions that gave rise to the cause of action." (citation omitted)); LaPenna, 2011 WL 2669469, at *4 ("The operative facts underlying a products-liability action occurred where the business decisions made by the Defendant relative to the products liability theories of the case occurred.") (internal quotation marks and citation omitted).

As for the forum's familiarity with the governing law, Defendants are correct that Louisiana substantive law will apply in this case, a determination that usually favors transfer. Under Georgia's lex loci delicti rule for determining applicable law in tort cases, courts are to apply the substantive law of the state where the tort or wrong occurred. Dowis v. Mud Slingers, Inc., 621 S.E.2d 413, 419 (Ga. 2005); Bagnell v. Ford Motor Co., 678 S.E.2d 489, 492 (Ga. Ct. App. 2009) (citing Fed. Ins. Co. v. Nat'l Distrib. Co., 417 S.E.2d 671, 673 (Ga. Ct. App. 1992)). Here, Louisiana substantive law will apply because Plaintiff was injured while using the Ryobi Saw in Delhi, Louisiana. The Court is not convinced, however, that Louisiana's Product Liability Act is so nuanced or complex as to weigh in favor of a transfer. See LaPenna, 2011 WL 2669469, at *6 ("[S]ince this Court not infrequently applies Georgia law and because the applicable Georgia law is not particularly complex, this factor is of less importance.").

Finally, the Court addresses Plaintiff's argument that his choice of venue is entitled to "substantial deference" [Doc. 32 at 2]. While this is not an inaccurate statement of the law, it applies with less force where, for example, the plaintiff's choice of forum is not his home forum and where the events underlying the litigation occurred entirely outside of his chosen forum. LaPenna, 2011 WL 2669469, at *4; accord Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U.S. 422 (2007). Here, Plaintiff resides in Louisiana, and Plaintiff's injury occurred in Louisiana. While the issue of liability may implicate events and individuals in other states, the Court has already noted that

8

those events and individuals appear to have little connection to the state of Georgia. Thus, the weight accorded to Plaintiff's choice of forum, while not entirely nullified, is very slight.

Notwithstanding the deference owed to Plaintiff's choice of forum, most of the other private and public factors identified by the United States Court of Appeals for the Eleventh Circuit weigh heavily in favor of transferring this case. Accordingly, Defendants' Motion to Transfer Action is due to be granted.

IV.   Conclusion

For the reasons set forth above, Defendants' Motion to Transfer Action to the Western District of Louisiana [Doc. 31] is GRANTED. The Clerk is DIRECTED to transfer this case to the Western District of Louisiana, Monroe Division.


SO ORDERED, this **26** day of September, 2013.


ORINDA D. EVANS
UNITED STATES DISTRICT JUDGE